**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

RANDY SMITH, )
)
          Plaintiff, )
)
v. ) Case No. CIV-14-201-KEW
)
DEBY SNODGRASS; KRIS MAREK; )
BRYCE TODD; CLAUDIA CONNER; )
GREGORY SNIDER; SCOTT LANGE; )
LESSLEY PULLIAM; and )
MICHAEL VAUGHT, )
)
          Defendants. )

## OPINION AND ORDER

This matter comes before the Court on Defendants' Amended Motion to Dismiss (Docket Entry #12). Plaintiff initiated this action on October 16, 2013 in the District Court in and for Sequoyah County, Oklahoma. Defendants removed the case to this Court on May 28, 2014. Key to a determination of the subject Motion is a review of the specific allegations in the Petition.

Plaintiff alleges he was employed by the Oklahoma Tourism and Recreation Department ("OTRD") as a park ranger and was a classified employee under the Oklahoma Personnel Act. Defendants Snodgrass, Marek, Todd, Conner, Snider, Lange, and Pulliam are "believed" to be present or former members of the OTRD "who comprised the review board to consider termination proceedings implemented against [Plaintiff]." Defendant Vaught participated in an investigation into the incident which gave rise to Plaintiff's termination. Defendant Lang is alleged to have been the human resources director for OTRD.

Plaintiff states that on December 18, 2012, he "made a comment

in jest" to a fellow employee, asking if he shot a park manager who was shot and killed earlier the same year. The employee reported the comment to persons at OTRD. Plaintiff was instructed to prepare a written report regarding the incident. He admitted the comment and expressed regret for causing any concern.

Plaintiff further alleges that on December 28, 2012, Defendant Snyder hand-delivered a pre-termination letter to Plaintiff advising him that OTRD would seek his termination at a hearing on January 7, 2013 at 10:00 a.m. Plaintiff states that he requested an extension of the hearing to secure an attorney but no extension was granted.

In the pre-termination letter, "presumably drafted by Deby Snodgrass but signed by Claudia Conner", Plaintiff was accused of failing to exhibit remorse or provide an apology until he was required to prepare the report. The letter also stated Plaintiff of bringing "disrespect to the Department, the Park Ranger Program and you" and accused him of "conduct unbecoming a public employee." Plaintiff contends the disciplinary procedures at OTRD "including the obligation to follow the progressive discipline procedures" as were ostensibly used in other incidents.

The next paragraph forms the essence of Plaintiff's claims, according to the briefing on the current Motion. Plaintiff alleges the following:

> Based upon Smith's knowledge and experience with the Department, the short hearing date, the Department's denial of an extension of the hearing to accommodate Smith being represented by counsel, the failure to adhere to the progressive discipline procedure, and the grossly

2

>disproportionate discipline sought by the Department relative to the circumstances, Smith believed that he would not get a fair and impartial hearing on January 7, 2013, that the Department and the individual Defendants had predetermined that Smith would be terminated, and that the hearing was perfunctory in nature.

Plaintiff opted to resign "out of fear that termination would result in greater financial consequences related to his pension and benefits." Plaintiff states that "Defendants" placed a form in his personnel file that he resigned "in lieu of discharge" which he believed indicated that his termination was predetermined and that Defendants deprived him of his protected property interest in employment without due process of law in violation of the Fourteenth Amendment as enforced through 42 U.S.C. § 1983.

Through the pending Motion, Defendant contends Plaintiff's claims failed to meet the plausibility standard enunciated in United States Supreme Court cases of <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009). Defendant also asserts that Plaintiff's negligence claim is not legally cognizable under Oklahoma law against an insurer.

Clearly, <u>Bell Atlantic</u> changed the legal analysis applicable to dismissal motions filed under Fed. R. Civ. P. 12(b)(6), creating a "refined standard" on such motions. <u>Khalik v. United Airlines</u>, 671 F.3d 1188, 1191 (10th Cir. 2012)(citation omitted). <u>Bell Atlantic</u> stands for the summarized proposition that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949

(2009) quoting Bell Atlantic, 550 U.S. at 570. The Supreme Court did not parse words when it stated in relation to the previous standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" is "best forgotten as an incomplete, negative gloss on an accepted pleading standard." Bell Atlantic, 550 U.S. at 546.

The Tenth Circuit has interpreted the plausibility standard as referring "to the scope of the allegations in the complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008). The Bell Atlantic case, however, did not intend the end of the more lenient pleading requirements of Fed. R. Civ. P. 8(a)(2). Khalik, 671 F.3d at 1191. Rather, in Khalik, the Tenth Circuit recognized the United States Supreme Court's continued endorsement of Rule 8's "short and plain statement" requirement in the case of Erickson v. Pardus, 551 U.S. 89 (2007) wherein the Supreme Court found "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. at 93. It is against this backdrop that the sufficiency of Plaintiff's Complaint is evaluated.

Defendants first contend Plaintiff failed to show that he was deprived of a constitutional right. In particular, Defendants

4

assert Plaintiff cannot demonstrate he was denied procedural due process. For his part, Plaintiff counters that he received a biased due process hearing since his termination was predetermined by Defendants. "[I]n order for a hearing to afford an individual due process, the hearing tribunal must be impartial. A tribunal is not impartial if it is biased with respect to the factual issues to be decided at the hearing." Corstvet v. Boger, 757 F.2d 223 (10th Cir. 1985). "[A] substantial showing of personal bias is required to disqualify a hearing officer or tribunal in order to obtain a ruling that the hearing is unfair." Roberts v. Morton, 549 F.2d 158, 164 (10th Cir. 1976), cert. denied, 434 U.S. 834, 98 S.Ct. 121, 54 L.Ed.2d 95 (1977). Tribunals enjoy a presumption that they are not biased unless it is substantially demonstrated that they are actually biased with respect to factual issues being adjudicated. See, e.g., Mangels v. Pena, 789 F.2d 836, 838 (10th Cir. 1986).

Plaintiff has identified several irregularities in the due process hearing which he contends illustrates bias including documentation showing Plaintiff resigned in lieu of termination at the hearing and alleged discrepancies in the pre-termination process, including a denial of an extension for Plaintiff to retain counsel. This showing is sufficient to give rise to a plausible claim for a constitutional deprivation of due process. Many of these allegations turn on factual findings which are better suited for summary judgment after discovery and evidentiary development.

Defendants also contend Plaintiff failed to allege personal

participation by all of the named individual Defendants. Plaintiff, in alleging bias upon the due process tribunal, has implicated all individual Defendants participating in the termination hearing. Plaintiff stated ". . .the individual Defendants had predetermined that Smith would be terminated, and that the hearing was perfunctory in nature." These are sufficient allegations of personal participation to withstand the scrutiny required by a dismissal motion.

Defendants also assert that Plaintiff failed to exhaust his administrative remedies before bringing this action by failing to bring the various avenues of appeal provided by the Oklahoma Personnel Act since Plaintiff was a state employee. Exhaustion is not a prerequisite to bringing a constitutional claim under 42 U.S.C. § 1983. Patsy v. Bd. of Regents of Fla., 457 U.S. 496, 501 (1982).

Defendants claim qualified immunity. Qualified immunity at the motion to dismiss stage subjects defendants to a more challenging standard of review than applies on summary judgment. Peterson v. Jensen, 371 F.3d 1199, 1201 (10th Cir. 2004). Qualified immunity may be raised in a motion to dismiss since it is intended "to give government officials a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery. . . .'" Weise v. Casper, 507 F.3d 1260, 1269 (10th Cir. 2007) quoting Behrens v. Pelletier, 516 U.S. 299, 308 (1996). When qualified immunity is raised in connection with a motion to dismiss rather than a motion for summary judgment, "the

court is asked to decide whether, assuming the allegations of the complaint are true, the defendant[] [is] entitled to dismissal as a matter of law." Id. at 1270. It is a legal rather than a factual question. Id.

As this Court has found, a review of Plaintiff's Petition demonstrates, taking the facts as alleged as true, that Plaintiff has stated a legal claim for which relief is available under § 1983. This Court has determined that Plaintiff has satisfied the base requirements on a dismissal motion to demonstrate a potential deprivation of a constitutional right. Certainly, as the case law cited above demonstrates, the right to an unbiased hearing tribunal to satisfy due process requirements was clearly established at the time the alleged violative actions were taken by the review board of which Defendants are members. Thus, qualified immunity at this stage of the proceedings is not appropriate.

IT IS THEREFORE ORDERED that Defendants' Amended Motion to Dismiss (Docket Entry #12) is hereby **DENIED**.

IT IS FURTHER ORDERED that a further telephonic Scheduling Conference be set in this case by separate notice to counsel.

IT IS SO ORDERED this 1st day of October, 2015.

Kimberly E. West
United States Magistrate Judge
Eastern District of Oklahoma