## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

RANDY SMITH, )
 )
        Plaintiff, )
 )
v. ) Case No. CIV-14-201-KEW
 )
DEBY SNODGRASS; KRIS MAREK; )
BRYCE TODD; CLAUDIA CONNER; )
GREGORY SNIDER; SCOTT LANGE; )
LESSLEY PULLIAM; and )
MICHAEL VAUGHT, )
 )
        Defendants. )

### OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion to Alter Judgment (Docket Entry #77). This action was expressly and exclusively brought alleging a violation of Plaintiff's constitutional procedural due process rights in the termination of his employment. On January 11, 2017, this Court granted Defendant's summary judgment motion and dismissed this action. The facts related in that Opinion and Order will not be unnecessarily repeated here, but the basis for the alleged violation of Plaintiff's rights included (1) bias or predetermination of Plaintiff's termination in advance of the pre-termination hearing; (2) failing to grant Plaintiff a continuance of the pre-termination hearing; and (3) failing to use progressive discipline instead of termination for Plaintiff's transgressions.

Plaintiff brings this Motion under Fed. R. Civ. P. 59(e). "Relief under Rule 59(e) should only be granted due to an intervening change in the controlling law, new evidence previously unavailable, or the need to correct clear error or prevent manifest

injustice." Figueroa v. Am. Bankers Ins. Co. of Florida, 517 F.Supp.2d 1266, 1270 (D.Colo. 2006)(citing Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). Such a motion is not the appropriate vehicle to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." Servants of Paraclete, 204 F.3d at 1012 (citing Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991)). A party's failure to present his strongest case in the first instance does not entitle him to a second chance in the form of a motion to reconsider. Cline v. Southern Star Cent. Gas Pipeline, Inc., 370 F.Supp.2d 1130, 1132 (D.Kan. 2005); *see also* Syntroleum Corp. v. Fletcher Int'l, 2009 WL 761322, at *1 (N.D .Okla. Mar. 19, 2009)(unpublished)(Rule 59(e) motion designed to permit relief in extraordinary circumstances, not to offer second bite at proverbial apple). Whether to grant a motion for reconsideration is committed to the court's discretion. *See* Hancock v. City of Okla. City, 857 F.2d 1394, 1395 (10th Cir. 1988). The only basis under Rule 59(e) implicated by Plaintiff's Motion is the need to correct clear error and prevent manifest injustice.

Plaintiff's primary argument lies with his belief that this Court did not adequately consider the testimony of Defendant's Human Resources Director Scott Lange ("Lange"). Plaintiff contends Lange was responsible for the investigation into Plaintiff's alleged misconduct in asking another employee if he shot a murdered park ranger. Plaintiff contends Lange's failure to perform an adequate investigation into Plaintiff's conduct indicates that the

result was predetermined. Plaintiff chooses to ignore this Court's ruling in several respects. The hearing officer ultimately responsible for considering Plaintiff's termination at the pre-termination hearing was Bryce Todd ("Todd") - not Lange. Plaintiff failed to demonstrate bias on the part of Todd in any respect or that Todd had pre-determined the outcome of the hearing. Moreover, Plaintiff never gave Todd the opportunity to review the investigation content or consider Plaintiff's side of the story because he did not attend the pre-termination hearing, despite being given appropriate notice of the hearing.

Plaintiff also contends the pretext of the basis for the termination turns on the fact that the OSBI was not investigating the murder of the park ranger at the time Plaintiff was disciplined. This fact is immaterial. The OSBI was contacted by Mike Vaught, former Chief Park Ranger concerning Plaintiff's comment. The fact an investigation was not actively being pursued by the OSBI or that Lange considered that fact is of little moment to whether Plaintiff was provided with adequate procedural due process. Additionally, the pendency of an OSBI investigation was not a basis for termination provided in the notice of termination to Plaintiff.

Plaintiff also contends the notice provided to him was constitutionally insufficient because it did not include any mention of a 2004 disciplinary incident. Although the 2004 incident is referenced in the termination letter, the focus of the hearing for which he received notice was the comment to the fellow

3

employee as conduct unbecoming a park ranger. Again, if Plaintiff had attended the pre-termination hearing, he would have known the full extent of the discipline being considered. Nothing in the record suggests that Plaintiff would have attended the hearing if he had known that the 2004 incident was to be considered in the decision to terminate.

Plaintiff also challenges the consideration of his request to continue the pre-termination hearing. This issue was fully and adequately addressed in this Court's original Opinion and Order on Defendants' summary judgment motion. Plaintiff's request to alter that Opinion and Order adds nothing to the previous argument.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Alter Judgment (Docket Entry #77) is hereby **DENIED**.

IT IS SO ORDERED this 29th day of September, 2017.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE